# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 5380 | **DATE** | 5/25/2000 |
| **CASE TITLE** | USA, e x rel JEFFERY DAVIS vs. LAMARK CARTER | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Davis' petition for a writ of habeas corpus is denied as to his claims that his due process rights were violated by the state court's: (1) failure to give a manslaughter instruction; (2) decision to permit the government to introduce evidence that an AK-47 firearm had been recovered from Davis' apartment six months before the crime; and (3) decision to admit the AK-47 as evidence in the trial. We are unable to resolve Davis' self-defense instruction claim on the current record. Therefore, the government is ordered to provide the Court with a copy of the trial transcript and a response, if any, to Davis' argument on the merits of that claim on or before 6/23/00. The ruling on Davis' self-defense instruction claim will be by mail.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAY 30 2000 date docketed | 55 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES ex rel. JEFFERY DAVIS, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) No. 97 C 5380 |
| | ) Paul E. Plunkett, Judge |
| LAMARK CARTER, | ) ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Jeffery Davis has filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("section 2254") challenging his state criminal conviction. For the reasons set forth below, Davis' petition is denied as to his claims that the state court violated his due process rights by refusing to give a manslaughter instruction, allowing the government to introduce evidence that an AK-47 firearm was recovered from Davis' apartment six months before the crime, and allowing that firearm to be admitted into evidence. Davis' remaining claim, that his due process rights were violated by the state court's refusal to give a self-defense instruction cannot be resolved on the current record and will be the subject of further briefing.

-1-



## Procedural Background

In 1991, Davis was convicted of first degree murder of Edward Green and attempted first degree murder of Tonya Locke. He was sentenced to concurrent prison terms of forty and thirty years, respectively, for these crimes. (See Gov't Ex. C, People v. Davis, No. 1-91-1716 at 10 (Ill. App. Ct. Apr. 15, 1993).) Davis appealed both his conviction and sentence. On April 15, 1993, the Illinois Appellate Court affirmed both. (Id. at 10.)

On May 7, 1993, Davis filed a petition for leave to appeal to the Illinois Supreme Court. (See Gov't Ex. D, 5/7/93 Pet. Leave Appeal.) On October 6, 1993, the petition was denied. (See Gov't Ex. E, People v. Davis, No. 75473 (Ill. Sup. Ct. Oct. 6, 1993).) Davis did not seek leave to appeal to the United States Supreme Court.

On April 13, 1994, Davis filed a petition for post-conviction relief. (See Gov't Ex. J., People v. Davis, No. 94-2025 at 3 (Ill. App. Ct. Aug. 8, 1996).) The petition was denied on May 11, 1994. (Id. at 4.) Davis appealed the denial of his petition for post-conviction relief. (Id. at 1.) On August 8, 1996, the Illinois Appellate Court affirmed. (Id. at 7.)

On September 25, 1996, Davis filed a petition for leave to appeal to the Illinois Supreme Court. (See Reply Br. & Argument Mot. Dismiss Pet. Writ Habeas Corpus, 9/26/96 Letter from Hornyak to Davis.) On December 4, 1996, the supreme court denied the petition. (Id., 12/4/96 Letter from Hornyak to Davis.) Davis did not file a timely petition for a writ of certiorari to the United States Supreme Court. (Id., 6/5/97 Letter from Higgins to Davis.)

## Discussion

### Procedural Bars

Davis claims that he was deprived of a fair trial because the court refused to instruct the jury on self-defense and involuntary manslaughter, permitted the government to introduce evidence that an AK-47 firearm had been recovered from Davis' apartment six months before the crime, and admitted the weapon as evidence in the trial. We can reach the merits of these claims only if Davis: (1) exhausted all available state court remedies; and (2) fairly presented these constitutional claims to the state courts for resolution. Bocian v. Godinez, 101 F.3d 465, 468 (7th Cir. 1996). The government contends that Davis' claims falter on the second requirement. We will start with the jury instruction claims.

Davis fairly presented his jury instruction claims to the state court if he: relied on federal cases employing a constitutional analysis or on state cases applying a constitutional analysis to a similar factual situation; asserted the claim in terms that evoked a specific constitutional right; or alleged a fact pattern "well within the mainstream of constitutional litigation." Verdin v. O'Leary, 972 F.2d 1467, 1473-74 (quoting Daye v. Attorney General of New York, 696 F.2d 186, 194 (2d Cir. 1982) (en banc)). "However, the presence of any one of those factors . . . does not automatically avoid a waiver; the court must consider the specific facts of each case." Id. "At bottom, the task of the habeas court in adjudicating any issue of fair presentment is assessing, in concrete, practical terms, whether the state court was sufficiently alerted to the federal constitutional nature of the issue to permit it to resolve that issue on a federal basis." Id. at 1476.

A review of Davis' briefs to the state appellate court reveals that he fairly presented his self-defense instruction claim to that court. In his opening appellate brief, Davis stated: "The court's

refusal to give the tendered [self-defense] instructions violated Davis' right to due process and requires that this Court reverse the convictions." (Pet'r Ex. A at 11.) In his reply brief, Davis said:

> Once a defendant presents such evidence, placing his actions within the context of self-defense, it is up to the jury, not the judge to determine the defendant's credibility. When a trial court refuses instructions on an affirmative defense, it effectively tells the jurors that they must ignore any circumstances that they might perceive as justifying the defendant's actions. United States ex rel. Everette v. Roth, [No. 92-3098 (N.D. Ill. Nov. 16, 1992)] slip op. at 13. Withholding instructions erroneously is tantamount to directing a guilty verdict, which a judge may not do no matter how conclusive the evidence. Id. at 10. By refusing self-defense instructions, the trial court usurped the jury's function as fact-finder, thus denying Jeffery Davis his rights to trial by jury and to due process. Id. at 11.

(Gov't Ex. B at 7.) Admittedly, these were the only references Davis made to federal law in briefs that were replete with citations to and arguments about state law. But the ultimate issue to be determined, whether there was sufficient evidence to support a claim of self-defense, is the same under both state and federal law. Mathews v. United States, 485 U.S. 58, 63 (1988) ("[A] defendant is entitled to an instruction as to any recognized defense" if there is "evidence sufficient for a reasonable jury to find in his favor."); People v. Everette, 565 N.E.2d 1295, 1299 (Ill. 1991) ("An instruction for self-defense is given in a homicide case where there is some evidence in the record, which, if believed by a jury, would support a claim of self-defense."). Under these circumstances, Davis' references to federal law and his argument that there was evidence to support his self-defense theory should have alerted the state court to the existence of his federal constitutional claim.

The same is not true for the manslaughter instruction claim. The only reference to federal law that Davis made in his appellate briefs appears in his reply: "The trial court, by refusing to instruct the jury on involuntary manslaughter, denied the defendant's right to due process and trial by jury." (Gov't Ex. B at 15.) Davis cited no federal cases and the state cases he cited contain no constitutional analysis. Because Davis' briefs focused exclusively on the state standard, his sole

-4-

passing reference to federal law was insufficient to alert the state court to his due process claim. Verdin, 972 F.2d at 1475 (noting that "bare allegations that the defendant was not given a fair trial" and "cursory references to 'due process'" do not constitute fair presentment.)

The government contends that Davis' AK-47 claims are also procedurally defaulted because he did not include them in his petition for leave to appeal to the Illinois Supreme Court. Davis agrees, but argues that we can reach the merits of these claims because he can show cause for the default and prejudice resulting from the failure to obtain review of them. (Pet'r Reply at 6-7.) We disagree.

Davis claims that the cause for his procedural default was ineffective assistance of counsel. Ineffective assistance of counsel will excuse a procedural default, but only if the defendant had a right to effective counsel during the proceeding at issue. Morrison v. Duckworth, 898 F.2d 1298, 1300-01 (7th Cir. 1990). The right to effective counsel derives from the right to counsel itself. United States ex rel. Simmons v. Gramley, 915 F.2d 1128, 1136 (7th Cir. 1990). There is "no constitutional right to counsel to pursue [a] discretionary state appeal[]." Id. at 1137. Thus, Davis had no right to effective counsel when he sought leave to appeal to the Illinois Supreme Court. Because Davis had no right to effective assistance of counsel at that stage of his criminal proceedings, his counsel's alleged deficiencies do not excuse his procedural default.

## The Merits

Our review of the merits of Davis' self-defense instruction claim is controlled by section 2254. In relevant part, it provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any

claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2).

The "contrary to" clause of section 2254(d)(1) applies solely to questions of law. Lindh v. Murphy, 96 F.3d 856, 868-69 (7th Cir. 1996), rev'd on other grounds, 521 U.S. 320 (1997). It requires federal courts "to give state courts' opinions a respectful reading, and to listen carefully to their conclusions, but when the state court addresses a legal question, it is the law 'as determined by the Supreme Court of the United States' that prevails." Id. at 869 (quoting section 2254(d)(1)). The "unreasonable application" clause of section 2254(d)(1) applies to mixed questions of law and fact. Id. at 870. It "restricts the grant of collateral relief to cases in which the state's decision reflects 'an unreasonable application of' the law" to the facts. Id. (quoting section 2254(d)(1)).

The specific issue decided by the Illinois Appellate Court was that there was not enough evidence in Davis' case to warrant a self-defense instruction. The court said:

> We do not believe that there was evidence presented in this case at bar from which a jury could have inferred that the defendant was acting in self-defense. . . . [I]n order to raise self-defense, there must be evidence showing that the defendant actually believed that a danger existed and that the kind and amount of force that he used was necessary. In the case at bar, the defendant testified that when he was able to gain control of the gun, "that's when it stopped." In our opinion, there was insufficient evidence from which the jury could infer that the defendant believed it was necessary to shoot Locke in the face in order to defend himself.

(Gov't Ex. C at 6-7.) Whether there is sufficient evidence to warrant an instruction on a defense is a question of law. See United States v. Ibarra-Alcarez, 830 F.2d 968, 973 (9th Cir. 1987) ("A trial court's determination that the evidence was insufficient to justify the giving of an instruction on a theory of defense is a question of law."); cf. United States v. Santiago-Godinez, 12 F.3d 722, 726 (7th Cir. 1993) (holding that "[t]he legal sufficiency of a proffered defense is a question of law"). Thus, we must give the state court's opinion on this issue, "a respectful reading, and . . . listen carefully to [its] conclusions," but "it is the law 'as determined by the Supreme Court of the United States'" that will determine its outcome. Lindh, 96 F.3d at 869 (quoting section 2254(d)(1)).

The Supreme Court requires that a self-defense instruction be given if there is "evidence sufficient for a reasonable jury to find in [the defendant's] favor." Mathews, 485 U.S. at 62. The only way we can determine if such evidence existed is by reviewing the trial transcript. Consequently, we order the government, pursuant to Rule 5 of the Rules Governing Section 2254 Cases, to provide to the Court a copy of the trial transcript on or before June 23, 2000. The government may also file, by that date, a response to Davis' argument on the merits that there was sufficient evidence in the record to warrant a self-defense instruction.

## Conclusion

For the reasons set forth above, Davis' petition for a writ of habeas corpus is denied as to his claims that his due process rights were violated by the state court's: (1) failure to give a manslaughter instruction; (2) decision to permit the government to introduce evidence that an AK-47 firearm had been recovered from Davis' apartment six months before the crime; and (3) decision to admit the AK-47 as evidence in the trial. We are unable to resolve Davis' self-defense instruction

claim on the current record. Therefore, the government is ordered to provide the Court with a copy of the trial transcript and a response, if any, to Davis' argument on the merits of that claim on or before June 23, 2000. The ruling on Davis' self-defense instruction claim will be by mail.

**ENTER:**

---
UNITED STATES DISTRICT JUDGE

DATED: 5-25-00